IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF INDIANA
INDIANAPOLIS DIVISION

| | |
|---|---|
| FREEEATS.COM, INC., | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) Civil Action No. _____ |
| | ) |
| STATE OF INDIANA | ) |
| EX REL. STEVE CARTER, | ) **1:06-cv-1403-LJM-WTL** |
| ATTORNEY GENERAL, and, | ) |
| STEVE CARTER, Attorney General, | ) |
| | ) |
| Defendants. | ) |

## COMPLAINT FOR DECLARATORY AND INJUNCTIVE RELIEF

FreeEats.com, Inc. ("plaintiff"), by counsel, alleges:

1. Among other things, plaintiff files this action to have this Court enter an order, declaring void and unenforceable Indiana Code § 24-5-14-5 (the "Automatic Dialing Machine" or "ADM" statute), which restricts the making of prerecorded telephone calls to residents of Indiana, on the ground that it is preempted by the Telephone Consumer Protection Act of 1991, Pub. L. No. 102-243, 105 Stat. 2394 (1991), and the implementing rule adopted by the Federal Communications Commission ("FCC"), 47 C.F.R. § 64.1200(a)(2)(ii)(2005), as the ADM statute is applied to prerecorded interstate telephone calls that seek to either survey the recipient's political views or deliver a political message.

## JURISDICTION AND VENUE

2.     This action arises under the Constitution of the United States, 28 U.S.C. §§ 2201 and 2202 and 42 U.S.C. § 1983. This Court has jurisdiction over this action pursuant to 28 U.S.C. § 1331.

3.     Venue for this action is proper in the United States District Court for the Southern District of Indiana. See 28 U.S.C. § 1391(b).

## PARTIES

4.     Plaintiff is a Virginia corporation with its principal place of business in Herndon, Virginia. Plaintiff is a survey and database company that relies upon interactive voice response, speech recognition technology on outbound calls using prerecorded messages to query households through survey polls; identify supporters and later encourage those supporters to turn out to vote; and to deliver political advocacy messages. The company has been active in many political campaigns and initiatives, on behalf of candidates or of groups that support candidates, including the making of interstate calls into Indiana in support of congressional candidates in that state for the election year 2006.

5.     Defendant STATE of INDIANA has enacted a law that purports to prohibit calls into the state containing pre-recorded telephone calls, potentially calls such as those made by plaintiff.

6.     Defendant STEVE CARTER is the Attorney General of the State of Indiana. Under the Indiana Constitution, the Attorney General is the chief law enforcement officer of the

State and has the duty to enforce its laws, including the Automatic Dialing Machine statute, Indiana Code Section 24-5-14-5. The Attorney General is sued in his official capacity.

## NATURE OF THE ACTION AND BACKGROUND

7. This case concerns the Indiana Automatic Dialing Machine statute that, as interpreted and enforced by defendants, makes it illegal for plaintiff to make prerecorded, interstate telephone calls to citizens of the State of Indiana, to communicate a political message.

8. The Automatic Dialing Machine statute provides, in part:

> **Sec 5. (b)** A caller may not use or connect to a telephone line an automatic dialing-announcing device unless:
>
> (1) The subscriber has knowingly or voluntarily requested, consented to, permitted, or authorized receipt of the message; or
>
> (2) The message is immediately preceded by a live operator who obtains the subscriber's consent before the message is delivered.

9. There is no exclusion in the statute for interstate calls that are entirely political in nature.

10. An actual controversy exists. Defendants have made statements to the media warning political parties against automated political phone calls to Indiana voters during the upcoming election campaigns, and have in fact filed an action in Indiana state court, seeking to enforce the statute against the Economic Freedom Fund related to calls made by plaintiff on the Economic Freedom Funds' behalf for interstate calls that are entirely political in nature.

11. The ADM statute conflicts with a rule issued by the FCC pursuant to authority delegated by Congress in the Telephone Consumer Protection Act of 1991 (the "TCPA").

12. Plaintiff seeks a declaration that the Automatic Dialing Machine statute, insofar as it applies to prerecorded interstate calls for political purposes, is preempted by the TCPA and

violates the Commerce Clause and the First Amendment of the United States Constitution, and an injunction permanently barring enforcement of the law to such calls.

13. The ADM statute is preempted because it regulates interstate telephone calls. Under the Constitution and the TCPA, states lack jurisdiction to regulate such interstate communications. Congress enacted TCPA to provide specific federal regulation of certain interstate telephone calls precisely because the States cannot regulate interstate telephone calls.

## THE FEDERAL REGULATORY REGIME

14. <u>Federal Communications Act of 1934</u>. The FCA grants the FCC exclusive jurisdiction to regulate interstate telephone calls. 47 U.S.C. § 152(a). Subject to certain exceptions, the FCA generally commits to the States exclusive jurisdiction to regulate intrastate communications. <u>Id</u>. § 152(b). The FCA denies States any jurisdiction to regulate interstate telephone calls.

15. <u>The Telephone Consumer Protection Act ("TCPA")</u>. The TCPA made it "unlawful for any person within the United States . . . (B) to initiate any telephone call to any residential telephone line using an artificial or prerecorded voice to deliver a message without the prior express consent of the called party, unless the call is initiated for emergency purposes or is exempted by rule or order by the Commission under paragraph (2)(B)." 47 U.S.C. § 227(b)(1)(B). The phrase "any telephone call" establishes federal jurisdiction over defined categories of both intrastate and interstate telemarketing calls.

16. The TCPA further delegates to the FCC the power to create an exception to this prohibition for telephone calls "that are not made for a commercial purpose." 47 U.S.C. § 227(b)(2)(B). In 1992, the FCC exercised the authority granted by Congress in Section

4

227(b)(2)(B) and adopted a rule that exempted all prerecorded calls made for a noncommercial purpose from the prohibition that otherwise would apply. 47 C.F.R. § 64.1200(a)(2)(ii).

17. The TCPA regulates interstate <u>and</u> intrastate calls. The statute includes a saving clause that provides that the TCPA does not preempt State regulation of <u>intrastate</u> telemarketing calls that are more restrictive than the federal minimum standards.

> STATE LAW NOT PREEMPTED.—Except for [certain specified provisions of the TCPA], nothing in this section or in the regulations prescribed under this section shall preempt any State law that imposes more restrictive intrastate requirements or regulations on, or which prohibits— (C) the use of artificial or prerecorded voice messages . . . .

47 U.S.C. § 227(e)(1). Plaintiff seeks a declaration that this saving clause does not permit States to regulate <u>interstate</u> telemarketing calls that the FCC permits; i.e., calls of a political (noncommercial) nature.

## THE INDIANA STATUTE

18. The ADM statute provides:

> 24-5-14-5. Conditions for using automatic dialing-announcing device - Exceptions.
>
> (a) This section does not apply to messages:
>
> (1) From school districts to students, parents, or employees;
>
> (2) To subscribers with whom the caller has a current business or personal relationship; or
>
> (3) Advising employees of work schedules.
>
> (b) A caller may not use or connect to a telephone line an automatic dialing-announcing device unless:
>
> (1) The subscriber has knowingly or voluntarily requested, consented to, permitted, or authorized receipt of the message; or
>
> (2) The message is immediately preceded by a live operator who obtains the subscriber's consent before the message is delivered.

19. The ADM statute provides for injunctive relief against those who violate the statute, as well as civil penalties.

## INJURY TO PLAINTIFF

20. Plaintiff will suffer immediate and irreparable injury if it is prohibited by the ADM statute from using automatic dialing-announcing devices to place "unsolicited" interstate telephone calls to Indiana residents for political purposes. As applied to interstate telephone calls, the ADM statute would deprive plaintiff of its constitutional rights, and would violate its right to free speech, which is protected by the United States Constitution. These losses cannot be quantified. Even if these losses could be quantified, the Eleventh Amendment would bar Plaintiff, should it prevail, from seeking monetary recovery from the defendants.

## COUNT I

### (Preemption)

21. Plaintiff repeats, re-alleges and incorporates the allegations in paragraphs 1 – 20, as though fully set forth herein.

22. The Supremacy Clause provides, in pertinent part: "This Constitution, and the Laws of the United States which shall be made in pursuance of thereof . . . shall be the Supreme Law of the Land." U.S. Const., art. VI, cl. 2.

23. The Federal Communications Act of 1934 ("FCA") denies the States jurisdiction to regulate interstate communications.

24. The FCC has promulgated a rule, 47 C.F.R. § 64.1200(a)(ii), pursuant to authority delegated by Congress in the TCPA, which exempted interstate prerecorded noncommercial telephone calls from the prohibition of telemarketing calls otherwise established by the TCPA.

25. The ADM statute purports to regulate both prerecorded intrastate and interstate telephone calls, and without regard to whether the call seeks to elicit political views or communicate a political message.

26. The ADM statue is preempted by the FCA and the FCC implementing rule insofar as it purports to regulate prerecorded interstate telephone calls made to communicate a political message.

27. Enforcement of the ADM statute with respect to prerecorded interstate telephone calls to residents of Indiana for political purposes will cause Plaintiff immediate and irreparable harm for which there is no adequate remedy at law.

## COUNT II

### (Undue Burden on Interstate Commerce)

28. Plaintiff repeats, re-alleges and incorporates the allegations in paragraphs 1 – 27, as though fully set forth herein.

29. Under the dormant Commerce Clause, a state may not impose undue burdens on interstate commerce.

30. Insofar as it regulates interstate telephone calls to residents of Indiana for political purposes, the ADM statute imposes an undue burden because it produces no local benefit.

31. Insofar as it regulates interstate telephone calls to residents of Indiana for political purposes, the ADM statute imposes an undue burden because the burden exceeds any local benefit and is not adequately tailored to its goal.

32. Therefore, insofar as it regulates interstate telephone calls to residents of Indiana for political purposes, the ADM statute violates the dormant Commerce Clause.

33. Enforcement of the ADM statute with respect to interstate telephone calls to residents of Indiana for political purposes will cause Plaintiff immediate and irreparable harm for which there is no adequate remedy at law.

## COUNT III

### (Indiana Constitution)

34. Plaintiff repeats, re-alleges and incorporates the allegations in paragraphs 1-33 as though fully set forth herein.

35. By enforcing the ADM statute with respect to interstate telephone calls to residents of Indiana for political purpose, Defendants will unlawfully and substantially deprive Plaintiff, and the organizations on whose behalf it makes calls, of free speech rights secured by the Free Speech Clause of the Indiana Constitution, Article 1, Section 9.  Statistical analysis shows that Plaintiff's interactive voice response system is one of the most effective means of communicating political messages and, if Defendants are successful in banning the use of that system, then Plaintiffs, Plaintiff's clients, and the citizens of Indiana will all suffer from an infringement of their free speech rights.

36. Plaintiff has no adequate remedy at law.

## COUNT IV

### (First Amendment)

37. Plaintiff repeats, re-alleges and incorporates the allegations in paragraphs 1-36 as though fully set forth herein.

38. By enforcing the ADM statute with respect to interstate telephone calls to residents of Indiana for political purpose, Defendants will unlawfully and substantially deprive

Plaintiff, and the organizations on whose behalf it makes calls, of free speech rights secured by the First Amendment to the United States Constitution. Statistical analysis shows that Plaintiff's interactive voice response system is one of the most effective means of communicating political messages and, if Defendants are successful in banning the use of that system, then Plaintiffs, Plaintiff's clients, and the citizens of Indiana will all suffer from an infringement of their free speech rights.

39.   Plaintiff has no adequate remedy at law.

## COUNT V

### (42 U.S.C. § 1983)

40.   Plaintiff repeats, re-alleges and incorporates the allegations in paragraphs 1-39 as though fully set forth herein.

41.   By enforcing the ADM statute with respect to interstate telephone calls to residents of Indiana for political purpose, Defendants will unlawfully and substantially deprive Plaintiff of rights secured by the Supremacy Clause and the Commerce Clause of the United States Constitution and the First Amendment to the United States Constitution.

42.   Defendants are "persons" under 42 U.S.C. § 1983 who have acted under color of state law to deprive Plaintiff of rights secured by the United States Constitution.

43.   Plaintiff has no adequate remedy at law.

## **PRAYER FOR RELIEF**

WHEREFORE, Plaintiff prays that this Court:

1. enter a judgment declaring that, insofar as it applies to interstate telephone calls to residents of Indiana for political purposes, the ADM statute is preempted by the Federal Communications Act of 1934, and is null and void;

2. enter a judgment declaring that, insofar as it applies to interstate telephone calls to residents of Indiana for political purposes, the ADM statute violates the dormant Commerce Clause, and is null and void;

3. enter a judgment declaring that, insofar as it applies to interstate telephone calls to residents of Indiana for political purposes, the ADM statute violates the First Amendment and the Indiana Free Speech Clause, and is null and void;

4. enter a judgment declaring that, insofar as it applies to interstate telephone calls to residents of Indiana for political purposes, the ADM statute violates 42 U.S.C. § 1983, and is null and void;

5. enter a permanent injunction enjoining Defendants and their agents from taking any action under or to enforce or implement the ADM statute with respect to interstate communications; and

6. award plaintiff reasonable attorneys' fees and costs; and grant plaintiff such additional or different relief as it deems just and proper.

        Respectfully submitted,

        */s/ John Maley*
        Emilio W. Cividanes
        Venable LLP
        575 Seventh Street, NW
        Washington, DC 20004
        ecividanes@venable.com
        Tel.: (202) 344-4414
        Fax: (202) 344-8300

        John R. Maley
        Paul L. Jefferson
        BARNES & THORNBURG LLP
        11 South Meridian Street
        Indianapolis, Indiana 46204
        Telephone: (317) 236-1313
        Facsimile: (317) 231-7433
        E-mail: jmaley@btlaw.com
           paul.jefferson@btlaw.com

        Attorneys for Plaintiff