**IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF INDIANA
INDIANAPOLIS DIVISION**

| | | |
|---|---|---|
| FREEEATS.COM, INC., | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | No. 1:06-CV-1403-LJM/WTL |
| | ) | |
| STATE OF INDIANA | ) | |
| ex rel. STEVE CARTER, | ) | |
| Attorney General, and | ) | |
| STEVE CARTER, Attorney General, | ) | |
| | ) | |
| Defendants. | ) | |

**DEFENDANTS' SUBMISSION OF ADDITIONAL EVIDENCE IN SUPPORT
OF THEIR MOTION TO DISMISS ON *YOUNGER* ABSTENTION GROUNDS**

Defendants the State of Indiana and Attorney General Steve Carter, in support of their Rule 12(b)(1) Motion to Dismiss on *Younger* abstention grounds, respectfully submit five court submissions and four court orders from the Attorney General's state-court enforcement action, *see State v. Economic Freedom Fund,* 07C01-0609-MI-0425 (Brown Cir. Ct. Sep. 18, 2006), all of which have been filed since this Court heard arguments in this matter on October 3, 2006. Defendants also submit an updated docket from the Brown County action. The four Brown Circuit Court orders and updated docket show, among other things, that (1) the Honorable Douglas Van Winkle was appointed Special Judge on October 4, 2006, *see* Ex. D; (2) Judge Van Winkle has accepted jurisdiction over the case, *see* Ex. H; (3) Judge Van Winkle, pursuant to motions filed by FreeEats, continued the preliminary-injunction hearing set for October 6, 2006, *see* Ex. I; and (4) Judge Van Winkle has granted a motion for change of judge. *See* Ex. J. The five submissions to the Brown Circuit Court are as follows:

1. Motion for Change of Judge by Defendant Economic Freedom Fund (filed October 3, 2006) (attached herewith as Exhibit B in support of Defendants' Motion to Dismiss);

2. Response to Motion for Change of Judge by Plaintiff the State of Indiana (filed October 4, 2006) (attached herewith as Exhibit C in support of Defendants' Motion to Dismiss);

3. Motion for Continuance by Defendant FreeEats.com (filed October 4, 2006) (attached herewith as Exhibit F in support of Defendants' Motion to Dismiss);

4. Motion for Stay by Defendant FreeEats.com (filed October 4, 2006) (attached herewith as Exhibit E in support of Defendants' Motion to Dismiss);

5. Response in Opposition to Motions for Continuance and Stay by Plaintiff the State of Indiana (filed October 5, 2006) (attached herewith as Exhibit G in support of Defendants' Motion to Dismiss).

The relevance of this new evidence is as follows:

1. As the Court has previously been advised, the Brown Circuit Court set the Attorney General's Motion for Preliminary injunction for hearing on Friday, October 6, 2006.

2. As the Court has also previously been advised, the original judge in that case, Judge Judith A. Stewart, recused herself. Judge Stewart appointed the Honorable Douglas Van Winkle, Brown Circuit Magistrate Judge, as Special Judge in the case, and Judge Van Winkle has accepted jurisdiction. *See* Exs. D, H.

3. After Judge Stewart recused herself, but before Judge Van Winkle was appointed Special Judge, FreeEats' client and state-court co-defendant Economic Freedom Fund (EFF) filed, first by fax and then in person, a Motion for Change of Judge. *See* Exs. A, D.

4. The real purpose and significance of this submission are questionable for two reasons: (1) EFF had already agreed to a temporary injunction and so had nothing at stake in the preliminary-injunction hearing set for Friday, October 6, 2006. There was thus no need related to its own interests to *fax* a Motion for Change of Judge to the Brown Circuit Court, or even to

hand-deliver such a motion, as opposed to simply relying on ordinary mail delivery for filing. *See* Ind. R. Tr. P. 5(F) (permitting filing by mail); (2) When EFF hurriedly faxed its motion for change of judge, it was clear that Judge Stewart had already recused herself and equally clear that no Special Judge had yet been appointed, so in reality there was no judge yet responsible for the long-term adjudication of the case to be changed.

5.   The Attorney General filed a Response to EFF's Motion for Change of Judge, *see* Ex. C, explaining to the Court that, regardless of the ultimate impact of EFF's Motion for Change of Judge on the case, the Indiana Rules of Trial Procedure are clear that whichever Judge currently has the case retains emergency jurisdiction—including jurisdiction to hear and adjudicate a request for preliminary injunction—until the new judge qualifies. *See* Ind. R. Tr. P. 76(B); *see also Bedree v. DeGroote*, 799 N.E.2d 1167 (Ind. Ct. App. 2003); *City of Fort Wayne v. Hoagland*, 342 N.E.2d 865, 869-70 (Ind. Ct. App. 1976) (citing *Indianapolis Dairymen's Co-op, Inc. v. Bottema*, 79 N.E.2d 409, 412 (Ind. 1948)). The Response also stated the Attorney General's position that the preliminary-injunction hearing set for October 6, 2006, should proceed as scheduled, and that because EFF had already agreed to a temporary injunction, it had no stake in that preliminary-injunction hearing in any event. *See* Ex. C, at ¶ 9.

6.   Before the Brown Circuit Court took any action on EFF's Motion for Change of Judge, FreeEats itself took action to delay the preliminary-injunction hearing set for October 6. Notwithstanding FreeEats' insistence in this Court that time is of the essence to its constitutional challenges to the Indiana Autodialer Law, on October 4, 2006, FreeEats filed a motion to continue the preliminary-injunction hearing set for Friday, October 6, *see* Ex. F, and a motion to stay the entire Brown County enforcement proceeding pending resolution of FreeEats' own Motion for Preliminary Injunction filed in this Court. *See* Ex. E.

7. On October 5, 2006, the Attorney General filed a response opposing both of FreeEats' motions to delay proceedings in Brown County and reiterating his position that the hearing set for Friday, October 6, should go forward as planned.  *See* Ex. G.  Nonetheless, also on October 5, 2006, Judge Van Winkle granted FreeEats' motion to continue the preliminary-injunction hearing.  *See* Ex. I.

8. FreeEats has now utterly debased its arguments in this Court with its litigation conduct in state court.  In this Court, FreeEats has argued that *Younger* abstention is inappropriate because FreeEats could not get a hearing in state court in time to enable it, if victorious, to place automated, pre-recorded calls concerning the elections set for November 7, 2006.  *See* Docket No. 32, at 18-19.  Furthermore, in its Motion for Preliminary Injunction, FreeEats has claimed that, for the same reasons, it will suffer irreparable injury if it does not obtain a preliminary injunction.  *See* Docket No. 33, at 31-32.

9. By moving in Brown Circuit Court to continue the preliminary-injunction hearing and to stay the case entirely, FreeEats has shown its arguments in this Court concerning need for timely relief—and its supposed inability to obtain timely relief in state court—to be nothing more than pretext.  FreeEats has demonstrated that it is in no way interested in obtaining timely justice from an Indiana state court.  Indeed, FreeEats has taken the position that, regardless whether the state court was ready to proceed with a preliminary-injunction hearing, that court should defer to consideration of the same legal issues in *this* forum.  *See* Ex. E.  This sort of anti-state-court forum shopping is exactly what *Younger* is supposed to prevent.

10. The delay that is now occurring in the Brown County proceeding is the result of FreeEats' litigation tactics, not supposed deficiencies in the Indiana court system.  In fact, in its motion to continue the state-court preliminary-injunction hearing, FreeEats represented that it is

not now making any automated, pre-recorded calls to Indiana citizens, *see* Ex. F, at ¶ 6, and thereby implied that it would voluntarily refrain from making such calls until the state court ultimately rules on the Attorney General's motion for preliminary injunction.  Accordingly, there is no factual, legal, or equitable basis for FreeEats to argue against *Younger* abstention on the grounds that it cannot get timely justice in the Indiana courts.

11.     Furthermore, FreeEats' filings in Brown Circuit Court, along with its admission that it has no actual contracts to make political-campaign or political-issue calls in Indiana (except for those on behalf of its client Economic Freedom Fund, which has agreed to be enjoined from sponsoring automated dialer calls), further underscore that it does not stand to suffer irreparable harm if denied preliminary relief by this Court.

12.     On October 10, 2006, the United States Supreme Court denied FreeEats' petition for a writ of certiorari in *FreeEats v. North Dakota*, No. 06-127, making the North Dakota Supreme Court's decision rejecting FreeEat's pre-emption argument final.  S*ee*  Docket No. 38, at 15-16.  This further undermines FreeEat's argument that abstention is not warranted because the Autodialer Law is clearly pre-empted.

## **CONCLUSION**

For the foregoing reasons, and the reasons set forth more fully in Defendants' Motion to Dismiss and Memorandum in support thereof, the Complaint should be dismissed.

        Respectfully submitted,

        STEVE CARTER
        Attorney General

By: s/*Thomas M. Fisher*
        Thomas M. Fisher
        Solicitor General

        Julie A. Hoffman
        Deputy Attorney General

        *Counsel for Defendants State of Indiana and*
        *Steve Carter, Attorney General of Indiana*

**CERTIFICATE OF SERVICE**

  I hereby certify that on October 10, 2006, a copy of the foregoing was filed electronically. Notice of this filing will be sent to the following counsel of record by operation of the Court's electronic filing system. Parties may access this filing through the Court's system.

| | |
|---|---|
| John R. Maley | Paul L. Jefferson |
| jmaley@btlaw.com | pjefferson@btlaw.com |
| | |
| Emilio W. Cividanes | John F. Cooney |
| ecividanes@venable.com | jcooney@venable.com |

                s/*Thomas M. Fisher*
                Thomas M. Fisher
                Solicitor General

Office of the Attorney General
Indiana Government Center South, Fifth Floor
302 West Washington Street
Indianapolis, Indiana 46204-2770
317-232-6255
Tom.Fisher@atg.in.gov
Doc #340574